STATE OF NORTH CAROLINA v. ALBERT LEE WRENN

No. 7218SC590

(Filed 25 October 1972)

**Homicide § 30— question of guilt of voluntary manslaughter — submission to jury proper**

  The trial court properly submitted to the jury the question of defendant's guilt of voluntary manslaughter where the evidence tended to show that defendant had threatened deceased, that deceased and defendant argued on the morning of the shooting, that defendant fired two shots at deceased, that deceased and defendant scuffled for the gun, and that the gun was discharged during the scuffle, killing deceased instantly.

APPEAL by defendant from *Seay, Judge,* 3 January 1972 Session of Superior Court held in GUILFORD County.

In this criminal action, the defendant was tried upon a bill of indictment charging him with the offense of first-degree murder. Upon the same bill of indictment, defendant was found guilty of second-degree murder in a previous trial, but on appeal, the Supreme Court of North Carolina reversed and the defendant was granted a new trial. [See *State v. Wrenn,* 279 N.C. 676, 185 S.E. 2d 129 (1971)]. On this the second trial, the solicitor "stated to the court that he elected to arraign the defendant on the charge of Murder in the Second Degree or Manslaughter, or such lesser plea as the evidence may warrant, or as the jury may find." The defendant pleaded not guilty.

For a complete recounting of the facts, see *State v. Wrenn, supra.* Briefly restated, the evidence for the State tended to show that neighbors of the defendant heard gunshots and observed defendant struggling with something outside his home; that defendant called the sheriff's department and reported he had killed his wife, Mary Etta Wrenn; that the night before the shooting defendant had told his wife, "Woman, you better not be here when I get back or you're going to be a dead woman"; that defendant had been drinking and had written a note saying that defendant was going "to end it all. . . . So bury us together"; that on the morning of the shooting, 25 July 1970, the deceased returned to the house and had angry words with the defendant; that defendant, in an apparent rage of anger, fired two shots at deceased with a shotgun; that deceased ran and defendant followed her out in the yard

to where she was hiding behind a car trailer; that deceased while on the ground was trying to grab the gun from the defendant who was standing over her when the gun fired and killed the deceased instantly; and that the defendant then turned and walked to the porch of his home.

Defendant's evidence tended to show that his wife was "going to leave with this Bob Dalton and take" his two children with her; that his wife was "running around with other men"; that on the morning of 25 July 1970, defendant had been drinking liquor; that the shots defendant fired at his wife were not aimed at her, nor were they meant to hit her; that defendant only intended to "scare" his wife; that his wife "cursed" at him; that defendant pointed the shotgun at his wife before shooting the second shot but never intended to actually kill her; that he went to where she was hiding and pushed her to the ground; and that while struggling on the ground, deceased kicked defendant about the body and also kicked the shotgun, causing it to accidently discharge and kill her.

The court submitted to the jury the following possible verdicts: (1) guilty of murder in the second degree; (2) guilty of voluntary manslaughter; (3) guilty of involuntary manslaughter; or (4) not guilty of any offense. From a verdict of guilty of voluntary manslaughter, punishable under G.S. 14-18, and sentence imposed thereon, the defendant appealed, assigning error.

*Attorney General Morgan and Assistant Attorney General Giles for the State.*

*Wallace C. Harrelson, Public Defender, Eighteenth Judicial District, for defendant appellant.*

MALLARD, Chief Judge.

The defendant in his brief contends that the court committed error in submitting to the jury the question of the defendant's guilt of voluntary manslaughter. This contention is without merit. We think the trial judge properly submitted the issue of voluntary manslaughter.

The defendant also contends that the trial judge committed error in ruling on the admission of some of the evidence. We have examined these assignments of error, properly presented,

In re Branch

and are of the opinion that the trial judge did not commit prejudicial error in ruling on the admission or exclusion of evidence.

Defendant contends that the trial judge committed error in failing to set aside the verdict of guilty of voluntary manslaughter and in refusing to grant defendant's motion in arrest of judgment and in entering and signing the judgment. We do not agree and these assignments of error are overruled.

The defendant was, at his first trial, convicted of murder in the second-degree, and at this trial he was convicted of voluntary manslaughter.

We are of the opinion and so hold that the defendant has had a fair trial, free from prejudicial error.

No error.

Judges CAMPBELL and BRITT concur.